Lina Stillman, Esq.
**STILLMAN LEGAL, P.C.**
42 Broadway, 12th Floor
New York, New York 10004
Tel.: (212) 832-1000
www.stillmanlegalpc.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LUIS F. VELEZ DEL PRADO,** *individually and on behalf of all others similarly situated,*<br>Plaintiff,<br><br>v.<br><br>**FINAL TOUCH LOGISTICS LLC** (d/b/a FINAL TOUCH), **FOX LOGISTICS LLC,** and **FELIX TRELLES** (a/k/a Felix Trellez),<br>Defendants. | **COMPLAINT**<br><br>**29 U.S.C. § 216(b) COLLECTIVE ACTION**<br><br>**FED. R. CIV. P. 23 CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Luis F. Velez Del Prado ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through his attorneys, Stillman Legal, P.C., as and for his Complaint against Defendants Final Touch Logistics LLC (doing business as "Final Touch"), Fox Logistics LLC, and Felix Trelles (also known as Felix Trellez) (collectively, "Defendants"), alleges as follows, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters:

## I. INTRODUCTION

1. This is a civil action for unpaid overtime wages, unpaid minimum wages, unlawful retaliation, and related relief arising from Defendants' willful and unlawful employment policies, patterns, and practices in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"), the New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a et seq. (the "NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 et seq. (the "NJWPL").

2. Defendants operate a logistics and warehouse-labor business in New Jersey. Plaintiff worked for Defendants as a warehouse and logistics laborer from on or about October 7, 2023 through on or about June 3, 2026—approximately two years and eight months.

3. Throughout his employment, Plaintiff regularly worked approximately sixty (60) hours per week, and frequently more, but Defendants paid him only a flat hourly rate for all hours worked and never paid him the overtime premium of one and one-half times his regular rate of pay for hours worked in excess of forty (40) in a workweek, as required by the FLSA and the NJWHL.

4. In addition, the flat hourly rates that Defendants paid Plaintiff—$11.00, then $12.00, then $14.00, and finally $15.00 per hour—were, throughout the entirety of his employment, below the applicable New Jersey minimum wage, in violation of the NJWHL.

5. Defendants failed to keep accurate records of the hours Plaintiff worked. For most of his employment Defendants maintained no reliable timekeeping system; instead, a manager recorded employees' overtime hours by hand in a notebook. Defendants did not install a time clock until approximately 2025.

6. After Plaintiff requested that Defendants pay him correctly, including proper overtime compensation, Defendants terminated his employment on or about June 3, 2026. Plaintiff brings a separate claim for unlawful retaliation under the FLSA and the NJWHL.

7. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated non-exempt employees of Defendants, and brings his New Jersey state-law claims as a class action pursuant to Federal Rule of Civil Procedure 23.

8. Plaintiff seeks to recover unpaid overtime wages, unpaid minimum wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees and costs, and all other relief available under the FLSA and New Jersey law.

## II. JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because those claims arise under the laws of the United States.

10. This Court has supplemental jurisdiction over Plaintiff's New Jersey state-law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. The state-law claims arise from the same nucleus of operative facts as the FLSA claims—namely, Defendants' failure to pay Plaintiff lawful wages for the hours he worked.

11. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) because Defendants reside in and conduct business in this District and a substantial part of the events and omissions giving rise to the claims—including Plaintiff's work and Defendants' failure to pay him lawfully—occurred in this District.

## III. PARTIES

### A. Plaintiff

12. Plaintiff Luis F. Velez Del Prado is an adult individual residing in the State of New Jersey. At all relevant times, Plaintiff was employed by Defendants as a warehouse and logistics laborer and was a covered, non-exempt "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), and the NJWHL, N.J.S.A. § 34:11-56a1(h).

13. Contemporaneously with the filing of this Complaint, Plaintiff has filed his written consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b).

### B. Corporate Defendants

14. Defendant Final Touch Logistics LLC ("Final Touch") is a New Jersey limited liability company, organized in or about 2020, with a principal place of business at 152 Standiford Avenue, Sayreville, New Jersey 08872, in Middlesex County. Final Touch also operates and issues payroll under the name "Final Touch."

15. Defendant Fox Logistics LLC ("Fox Logistics") is a New Jersey limited liability company, organized in or about 2019, with a principal place of business at 152 Standiford Avenue, Sayreville, New Jersey 08872, in Middlesex County—the same address as Final Touch.

16. At all relevant times, each Corporate Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), the NJWHL, N.J.S.A. § 34:11-56a1(g), and the NJWPL, N.J.S.A. § 34:11-4.1.

**C. Individual Defendant**

17. Defendant Felix Trelles, who is also identified in Defendants' records and communications as "Felix Trellez," is an adult individual who, upon information and belief, resides in the State of New Jersey and is an owner, principal, officer, and/or operator of the Corporate Defendants.

18. At all relevant times, Defendant Trelles exercised operational control over the Corporate Defendants and over Plaintiff's employment. Upon information and belief, Defendant Trelles (i) had the power to hire and fire Plaintiff and other employees; (ii) supervised and controlled employees' work schedules and conditions of employment; (iii) determined the rate and method of payment of Plaintiff and other employees; and (iv) maintained, or directed the maintenance of, employment records.

19. By reason of the foregoing, Defendant Trelles is an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), the NJWHL, N.J.S.A. § 34:11-56a1(g), and the NJWPL, N.J.S.A. § 34:11-4.1, and is jointly and severally liable for the violations alleged herein.

**D. Joint Employment and Single Integrated Enterprise**

20. At all relevant times, Defendants jointly employed Plaintiff and the members of the proposed collective and class. Defendants shared and co-determined the essential terms and conditions of Plaintiff's employment, including his hiring, supervision, work schedule, rate and method of pay, and termination.

21. Final Touch and Fox Logistics constitute a single integrated enterprise and/or joint employer. Among other things, the two entities (i) share the same principal place of

business at 152 Standiford Avenue, Sayreville, New Jersey; (ii) are engaged in the same logistics and warehouse-labor business; (iii) are owned, operated, and/or controlled by the same individual, Defendant Trelles; (iv) share common management and centralized control of labor relations; and (v) issued payroll checks to Plaintiff interchangeably, drawn on the same bank, for the same work.

22. Plaintiff received wage payments by check issued in the name of Final Touch Logistics LLC and, on other occasions for the same work, by check issued in the name of Fox Logistics LLC. The interchangeable use of the two entities to pay Plaintiff for the same logistics work demonstrates that Defendants operated as a single, integrated employing enterprise and/or as alter egos of one another.

23. Accordingly, the Corporate Defendants and Defendant Trelles are jointly and severally liable, as joint employers and/or as a single integrated enterprise, for all unpaid wages and other relief sought in this action.

## IV. FLSA COLLECTIVE ACTION ALLEGATIONS

24. The proposed FLSA collective (the "FLSA Collective") is defined as: all current and former non-exempt warehouse workers, logistics workers, laborers, drivers, helpers, and similarly situated employees employed by Defendants at any time during the three (3) years preceding the filing of this Complaint through the date of final judgment, who worked more than forty (40) hours in one or more workweeks and were not paid proper overtime compensation.

25. Plaintiff and the members of the FLSA Collective are similarly situated in that they (i) performed similar non-exempt manual, warehouse, and logistics work; (ii) were subject to Defendants' common policy and practice of paying a flat hourly rate for all hours worked without an overtime premium; (iii) regularly worked more than forty hours per workweek; and (iv) were not paid one and one-half times their regular rate for hours worked over forty in a workweek.

26. Defendants' unlawful pay practices were applied uniformly to Plaintiff and the FLSA Collective and were not the product of individualized decisions. The members of the FLSA Collective are readily identifiable from Defendants' payroll and business records.

27. Defendants are liable under the FLSA for, inter alia, failing to pay overtime compensation to Plaintiff and the FLSA Collective. Defendants' conduct was willful, and Plaintiff requests that the Court authorize notice to all members of the FLSA Collective informing them of the pendency of this action and their right to file consents to join pursuant to 29 U.S.C. § 216(b).

## V. RULE 23 CLASS ACTION ALLEGATIONS

28. Plaintiff brings his New Jersey state-law claims as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), on behalf of himself and the following proposed class (the "Rule 23 Class"): all current and former non-exempt warehouse workers, logistics workers, laborers, drivers, helpers, and similarly situated employees employed by Defendants in New Jersey at any time during the six (6) years preceding the filing of this Complaint through the date of final judgment, who worked more than forty (40) hours in one or more workweeks and/or were paid less than the applicable New Jersey minimum wage.

### A. Numerosity

29. The Rule 23 Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is presently unknown to Plaintiff and is within Defendants' sole possession and control, upon information and belief the Class consists of at least forty (40) or more employees who worked for Defendants during the relevant period. The names and addresses of the Class members are readily ascertainable from Defendants' records, and notice may be provided by means permitted under Rule 23.

### B. Commonality

30. There are questions of law and fact common to the Rule 23 Class that predominate over any questions affecting only individual members, including, among others: (a) whether Defendants employed Plaintiff and the Class within the meaning of the NJWHL and NJWPL; (b) whether Defendants failed to pay overtime compensation at one and one-half times the regular rate for hours worked over forty per week; (c) whether Defendants paid Plaintiff and the Class less than the applicable New Jersey minimum wage; (d) whether Defendants failed to keep accurate records of hours worked and wages paid; (e) whether

Defendants' violations were willful; and (f) the proper measure of damages, liquidated damages, and other relief.

**C. Typicality**

31. Plaintiff's claims are typical of the claims of the Rule 23 Class. Plaintiff and the Class members were subject to the same unlawful pay policies and practices, performed similar work, and sustained similar injuries arising from Defendants' common course of conduct. The relief Plaintiff seeks is the same relief the Class members would seek.

**D. Adequacy**

32. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to those of the Class. Plaintiff has retained counsel experienced and competent in wage-and-hour and class-action litigation.

**E. Predominance and Superiority**

33. Common questions of law and fact predominate over any individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by individual Class members are modest relative to the expense and burden of individual litigation, making it difficult or impossible for Class members to seek redress individually. Class treatment will permit a large number of similarly situated persons to adjudicate their common claims in a single forum, efficiently and without unnecessary duplication of effort, and will avoid the risk of inconsistent adjudications.

## VI. COMMON FACTUAL ALLEGATIONS

**A. Defendants' Business and FLSA Coverage**

34. At all relevant times, Defendants owned and operated a logistics and warehouse-labor business through which they supplied workers, including Plaintiff, to load, unload, move, organize, and handle merchandise and goods at warehouse facilities, including a facility located at 255 Blair Road, Suite 1, Avenel, New Jersey 07001, associated with the retailer Restoration Hardware.

35. In the course of that business, Defendants and their employees, including Plaintiff, regularly handled, moved, loaded, unloaded, organized, and otherwise worked with

merchandise, goods, and materials that had traveled and were traveling in interstate commerce. Defendants also regularly used telephones, motor vehicles, banking and check-issuing systems, and supplies and equipment that had moved in interstate commerce.

36. At all relevant times, the Corporate Defendants constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), in that they had employees engaged in commerce or in the handling of goods and materials that had moved in commerce, and, upon information and belief, had an annual gross volume of sales made or business done of not less than $500,000 in each relevant year.

37. In the alternative, Plaintiff was individually covered by the FLSA because, in performing his job duties, he regularly handled and worked with goods and materials that moved in interstate commerce.

**B. Plaintiff Luis F. Velez Del Prado's Employment**

38. Defendants hired Plaintiff to work as a warehouse and logistics laborer beginning on or about October 7, 2023, and employed him in that capacity continuously until on or about June 3, 2026.

39. Plaintiff's duties were manual and non-exempt in nature. They included, among other things, cleaning; unloading merchandise; organizing and moving merchandise; and performing whatever additional tasks Defendants' manager directed him to perform. Plaintiff performed this work at the warehouse facility located at 255 Blair Road, Suite 1, Avenel, New Jersey 07001, among other locations.

40. Plaintiff generally worked Monday through Saturday, and on some Sundays. His shifts ordinarily began at approximately 8:00 a.m. and were scheduled to end at approximately 6:00 p.m. In practice, however, Plaintiff frequently was required to continue working until 7:00 p.m., 10:00 p.m., or as late as 1:00 a.m., depending on the day, the workload, and the manager's instructions.

41. As a result, Plaintiff regularly worked at least sixty (60) hours per week—including at least twenty (20) hours of overtime each week—and on many weeks his hours approached seventy to eighty (70 to 80) hours. For purposes of this Complaint and the accompanying

damages calculations, Plaintiff conservatively alleges that he worked at least sixty (60) hours per week.

42. Plaintiff did not perform exempt executive, administrative, or professional duties, was not paid on a salary basis qualifying for any exemption, and at all times was a non-exempt employee entitled to overtime compensation under the FLSA and the NJWHL.

**C. Defendants' Pay Practices**

43. Defendants paid Plaintiff a flat hourly rate for all hours worked, without any overtime premium. Plaintiff was paid: approximately $11.00 per hour from the start of his employment in October 2023 through the end of 2024; approximately $12.00 per hour during 2025; approximately $14.00 per hour beginning in or about January 2026; and approximately $15.00 per hour during the final approximately two weeks of his employment in 2026.

44. Defendants paid Plaintiff the same flat hourly rate for all hours worked, including hours worked in excess of forty (40) per workweek. Defendants never paid Plaintiff one and one-half times his regular rate of pay for overtime hours, as required by the FLSA and the NJWHL.

45. Moreover, each of the flat hourly rates Defendants paid Plaintiff was below the applicable New Jersey minimum wage in effect at the time, which was $14.13 per hour in 2023, $15.13 per hour in 2024, $15.49 per hour in 2025, and $15.92 per hour in 2026. Based on Plaintiff's personal knowledge, Defendants employed six (6) or more employees at all relevant times, as Plaintiff regularly worked alongside numerous other warehouse and logistics workers at Defendants' facilities, and Defendants were therefore subject to these minimum wage rates. Because Plaintiff was paid less than the New Jersey minimum wage for every hour he worked, he was underpaid both his minimum wages and his overtime wages.

46. Defendants paid Plaintiff primarily by check. The payroll checks were issued in the name of Final Touch Logistics LLC and, on other occasions, in the name of Fox Logistics LLC, drawn on the same bank, for the same logistics work. On limited and irregular occasions, Plaintiff was paid in cash.

47. The following table summarizes Plaintiff's rates of pay, the applicable New Jersey minimum wage, his lawful weekly pay (computed at the applicable New Jersey minimum wage for forty straight-time hours plus one and one-half times that minimum wage for twenty overtime hours), the amount Defendants actually paid him each week, and the resulting weekly and period underpayment, based on a conservative sixty-hour workweek:

| Period | Wks | Rate Paid / hr | Hrs/Wk | NJ Min. Wage | Lawful Weekly Pay | Actual Weekly Pay | Weekly Under-payment | Period Under-payment |
|---|---|---|---|---|---|---|---|---|
| Oct. 7, 2023 – Dec. 31, 2023 | 12 | $11.00 | 60 | $14.13 | $989.10 | $660.00 | $329.10 | $3,949.20 |
| Jan. 1, 2024 – Dec. 31, 2024 | 52 | $11.00 | 60 | $15.13 | $1,059.10 | $660.00 | $399.10 | $20,753.20 |
| Jan. 1, 2025 – Dec. 31, 2025 | 52 | $12.00 | 60 | $15.49 | $1,084.30 | $720.00 | $364.30 | $18,943.60 |
| Jan. 1, 2026 – May 17, 2026 | 19 | $14.00 | 60 | $15.92 | $1,114.40 | $840.00 | $274.40 | $5,213.60 |
| May 18, 2026 – June 3, 2026 | 2 | $15.00 | 60 | $15.92 | $1,114.40 | $900.00 | $214.40 | $428.80 |
| **TOTAL** | **137** | | | | | | | **$49,288.40** |

48. Based on the foregoing, and conservatively assuming a sixty-hour workweek, Defendants underpaid Plaintiff his minimum and overtime wages in a total amount of at least $49,288.40 over the course of his employment, exclusive of liquidated damages, interest, fees, and costs, and subject to upward adjustment based on evidence of additional hours worked, including Plaintiff's WhatsApp messages and other records, and the records and evidence developed in discovery.

## D. Defendants' Failure to Keep Accurate Records

49. For most of Plaintiff's employment, Defendants maintained no reliable system for recording the hours their employees worked. Defendants did not require Plaintiff to punch in or out, and did not install a time clock until approximately 2025.

50. Instead of maintaining accurate time records, Defendants' manager recorded employees' overtime hours by hand in a notebook (libreta). Defendants thereby failed to make, keep, and preserve accurate records of the hours worked by, and wages paid to, Plaintiff and the FLSA Collective and Rule 23 Class, as required by the FLSA, 29 U.S.C. § 211(c), and the NJWHL and its implementing regulations.

51. Plaintiff possesses evidence of the hours he actually worked, including WhatsApp messages reflecting his departure times and the late hours he worked, which corroborate that he routinely worked well in excess of forty hours per week. Defendants' failure to keep accurate records does not relieve them of liability; rather, where an employer's records are inaccurate or inadequate, the employee may meet his burden by producing sufficient evidence to show the amount and extent of his work as a matter of just and reasonable inference.

52. Defendants also failed to furnish Plaintiff with accurate wage statements and the wage notices required by New Jersey law, and failed to post required wage-and-hour notices, thereby concealing their violations and exploiting Plaintiff's lack of familiarity with his rights.

### E. Willfulness

53. Defendants knew, or showed reckless disregard for whether, their pay practices violated the FLSA and the NJWHL. Defendants knew Plaintiff regularly worked more than forty hours per week, knew they were paying him a flat hourly rate below the minimum wage and without an overtime premium, and deliberately failed to keep accurate records in order to disguise the true number of hours Plaintiff worked and to avoid paying him lawfully. Defendants' violations were therefore willful within the meaning of 29 U.S.C. § 255(a) and were not undertaken in good faith.

## VII. DEFENDANTS' RETALIATION

54. During his employment, and specifically in or about Spring 2026, Plaintiff complained to and requested of Defendants that he be paid correctly, including that he be paid proper overtime compensation and lawful wages for the hours he worked.

55. In or about the final two weeks of Plaintiff's employment, and following his requests to be paid correctly, Defendants increased Plaintiff's hourly rate to approximately $15.00 per hour.

56. Shortly after Plaintiff complained about and requested proper payment of his wages and overtime, beginning in or about April and May 2026, and within ninety (90) days of his complaints, Defendants terminated Plaintiff's employment on or about June 3, 2026.

57. Defendants terminated Plaintiff because he complained about and requested proper payment of his wages and overtime. The close temporal proximity between Plaintiff's complaints and his termination gives rise to an inference of retaliation and, under New Jersey law, a rebuttable presumption of retaliation, because the adverse action occurred within ninety (90) days of Plaintiff's complaint.

58. Plaintiff's complaints about unpaid wages and overtime constituted protected activity under the FLSA, 29 U.S.C. § 215(a)(3), and the NJWHL, N.J.S.A. § 34:11-56a24. Defendants' termination of Plaintiff's employment in response to that protected activity was unlawful retaliation.

## VIII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Fair Labor Standards Act — Failure to Pay Overtime (29 U.S.C. §§ 207, 216(b)) On Behalf of Plaintiff and the FLSA Collective — Against All Defendants**

59. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

60. At all relevant times, Defendants were Plaintiff's employers, and Plaintiff and the FLSA Collective were Defendants' employees, within the meaning of the FLSA, 29 U.S.C. § 203.

61. The FLSA requires that, for every workweek longer than forty hours, a covered employee receive compensation for the hours worked in excess of forty at a rate not less than one and one-half times the regular rate at which the employee is employed. 29 U.S.C. § 207(a).

62. Plaintiff and the FLSA Collective regularly worked more than forty hours per workweek, yet Defendants failed and refused to pay them one and one-half times their regular rate for those overtime hours, in violation of 29 U.S.C. § 207(a).

63. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a), entitling Plaintiff and the FLSA Collective to a three-year limitations period.

64. As a result of Defendants' violations, Plaintiff and the FLSA Collective have been damaged and are entitled to recover their unpaid overtime compensation, an additional equal amount as liquidated damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act — Retaliation (29 U.S.C. § 215(a)(3)) On Behalf of Plaintiff — Against All Defendants**

65. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

66. The FLSA makes it unlawful for any employer to discharge or in any other manner discriminate against an employee because the employee has complained about or asserted rights under the FLSA. 29 U.S.C. § 215(a)(3).

67. Plaintiff engaged in protected activity when he complained to and requested of Defendants, including Defendant Trelles, that he be paid proper wages and overtime compensation.

68. Defendants terminated Plaintiff's employment shortly thereafter, on or about June 3, 2026, because of that protected activity. There is a direct causal connection between Plaintiff's protected complaints and his termination, as shown by, among other things, the close temporal proximity between the two.

69. Defendants' retaliation was willful and was undertaken in bad faith. As a result, Plaintiff is entitled to all remedies available under 29 U.S.C. § 216(b), including lost wages, an equal amount in liquidated damages, compensatory damages including for emotional distress, front pay and/or reinstatement, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**New Jersey Wage and Hour Law — Failure to Pay Overtime (N.J.S.A. §§ 34:11-56a et seq.) On Behalf of Plaintiff and the Rule 23 Class — Against All Defendants**

70. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

71. At all relevant times, Defendants were employers and Plaintiff and the Rule 23 Class were employees within the meaning of the NJWHL, N.J.S.A. § 34:11-56a1.

72. The NJWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for each hour worked in excess of forty in a workweek. N.J.S.A. § 34:11-56a4.

73. Defendants failed and refused to pay Plaintiff and the Rule 23 Class the required overtime premium for hours worked in excess of forty per workweek, in violation of the NJWHL.

74. Defendants' violations were knowing and willful and were not the result of a good-faith, inadvertent error. As a result, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages of up to 200 percent of the wages owed pursuant to N.J.S.A. § 34:11-56a25, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**New Jersey Wage and Hour Law — Failure to Pay Minimum Wage (N.J.S.A. §§ 34:11-56a et seq.) On Behalf of Plaintiff and the Rule 23 Class — Against All Defendants**

75. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

76. The NJWHL requires employers to pay employees no less than the applicable New Jersey minimum wage for every hour worked. N.J.S.A. § 34:11-56a4.

77. Throughout Plaintiff's employment, the flat hourly rates Defendants paid him—$11.00, $12.00, $14.00, and $15.00 per hour—were each below the applicable New Jersey minimum wage then in effect ($14.13 in 2023, $15.13 in 2024, $15.49 in 2025, and $15.92 in 2026). Upon information and belief, Defendants employed six (6) or more employees at all relevant times and were therefore subject to these minimum wage rates. Defendants thereby failed to pay Plaintiff and, upon information and belief, the Rule 23 Class the minimum wage required by the NJWHL.

78. Defendants' violations were knowing and willful and were not the result of a good-faith, inadvertent error. As a result, Plaintiff and the Rule 23 Class are entitled to recover their unpaid minimum wages, liquidated damages of up to 200 percent of the wages owed pursuant to N.J.S.A. § 34:11-56a25, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**New Jersey Wage Payment Law — Failure to Pay Wages Due (N.J.S.A. §§ 34:11-4.1 et seq.) On Behalf of Plaintiff and the Rule 23 Class — Against All Defendants**

79. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

80. At all relevant times, Defendants were employers and Plaintiff and the Rule 23 Class were employees within the meaning of the NJWPL, N.J.S.A. § 34:11-4.1.

81. The NJWPL requires employers to pay the full amount of wages due to their employees on regular paydays and in the manner required by law. Defendants failed to pay Plaintiff and the Rule 23 Class the full amount of wages due, including overtime wages and wages at the lawful minimum rate, in violation of the NJWPL.

82. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to recover the full amount of wages due, liquidated damages of up to 200 percent of the wages owed pursuant to N.J.S.A. § 34:11-4.10, prejudgment and post-judgment interest, together with reasonable costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**New Jersey Wage and Hour Law — Retaliation (N.J.S.A. § 34:11-56a24) On Behalf of Plaintiff — Against All Defendants**

83. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

84. The NJWHL prohibits an employer from discharging or otherwise discriminating against an employee because the employee has complained that he has not been paid wages in accordance with the law. N.J.S.A. § 34:11-56a24.

85. Under New Jersey law, an adverse employment action taken against an employee within ninety (90) days of the employee's complaint about unpaid wages gives rise to a rebuttable presumption that the action was taken in retaliation for the complaint. N.J.S.A. 34:11-56a24.1.

86. Plaintiff complained to Defendants that he was not being paid lawful wages and overtime. Defendants terminated his employment within ninety (90) days of, and because of, those complaints. Defendants' termination of Plaintiff was therefore unlawful retaliation under the NJWHL.

87. As a result, Plaintiff is entitled to recover the wages lost due to Defendants' retaliatory action, liquidated damages of up to 200 percent of those wages pursuant to N.J.S.A. § 34:11-56a25, compensatory damages including for emotional distress, reinstatement

and/or front pay, prejudgment and post-judgment interest, and reasonable costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective and the Rule 23 Class, respectfully requests that this Court enter judgment against Defendants, jointly and severally, providing the following relief:

(a) Designating and certifying this action as a collective action under 29 U.S.C. § 216(b), and authorizing the issuance of court-supervised notice to all members of the FLSA Collective, apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing consents to join pursuant to 29 U.S.C. § 216(b);

(b) Certifying this action as a class action under Federal Rule of Civil Procedure 23 with respect to Plaintiff's New Jersey state-law claims, and appointing Plaintiff as Class Representative and his counsel as Class Counsel;

(c) Declaring that Defendants' pay and employment practices alleged herein violated the FLSA and New Jersey law;

(d) Awarding Plaintiff and the FLSA Collective their unpaid overtime wages under the FLSA, in an amount to be determined at trial;

(e) Awarding Plaintiff and the Rule 23 Class their unpaid overtime wages and unpaid minimum wages under the NJWHL and NJWPL, in an amount of at least $49,288.40 as to Plaintiff and in additional amounts as to the Class to be determined at trial;

(f) Awarding liquidated damages under the FLSA in an amount equal to the unpaid wages, pursuant to 29 U.S.C. § 216(b);

(g) Awarding liquidated damages under New Jersey law of up to 200 percent of the unpaid wages, pursuant to N.J.S.A. §§ 34:11-56a25 and 34:11-4.10;

(h) Awarding Plaintiff, on his retaliation claims, his lost wages, liquidated damages, compensatory damages including for emotional distress, reinstatement and/or front pay, and all other available relief under 29 U.S.C. §§ 215(a)(3) and 216(b) and N.J.S.A. §§ 34:11-56a24 and 56a25;

(i) Awarding prejudgment and post-judgment interest as permitted by law;

(j) Awarding Plaintiff his reasonable attorneys' fees and the costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b) and N.J.S.A. §§ 34:11-56a25 and 34:11-4.10; and

(k) Granting such other and further legal and equitable relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: New York, New York

June 13, 2026

Respectfully submitted,

**STILLMAN LEGAL, P.C.**
By: /s/ Lina Stillman
Lina F Stillman, Esq.
Lina Stillman, Esq.
42 Broadway, 12th Floor
New York, New York 10004
Tel.: (212) 203-2417
*Attorneys for Plaintiff*